**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 04-50164-01/02

VERSUS          JUDGE S. MAURICE HICKS, JR

MICHAEL APPE AND          MAGISTRATE JUDGE HORNSBY
MICHAEL BROWN

**MEMORANDUM ORDER**

At the request of counsel for defendant Michael Brown ("Brown"), the Court held a status conference on August 3, 2006 in the above-captioned matter for the purpose of reviewing the status of the discovery of the working documents/records underlying the Office of Legislative Auditor ("OLA") Audit. Counsel for Brown requested to review and inspect the documents/records contained in Volume 1 of the OLA's audit documentation file. Counsel for defendant Michael Appe joined in the request.

During the status conference, the Court orally ruled that the documents/records contained in Volume 1 of the OLA's audit documentation file were exempt from disclosure, as the documents/records were the work product of the Office of Legislative Auditor and shall be shielded from discovery. The Court further ruled that the documents/records contained in Volume 1 were not Jencks Act material and, at this time, did not appear to be <u>Brady</u> material. The Court reasoned and held that its ruling as to the disclosure of the documents/records contained in Volume 1 likewise applied to counsel for Brown's desire to inquire as to the contents of such documents/records during an interview of lead auditor John Morehead. As indicated in the Court's minute entry (Record Document 146) that followed the August 3, 2006 status conference, the Court now issues additional written reasons for its ruling.

Jennifer Schaye ("Schaye"), General Counsel for the Office of Legislative Auditor, participated by telephone in the status conference. The Court found her participation in the status conference very informative, namely on the issue of customary practices and procedures relating to the disclosure of the "working papers" of lead auditors. Schaye stated that the OLA Audit at issue in this discovery dispute was a compliance audit, i.e., a forensic audit in response to a specific allegation, as compared to a full financial audit. Schaye further stated that John Morehead, as lead auditor, had assembled Volume 1 and it contained working papers evidencing his thoughts as lead auditor. In support of the Office of Legislative Auditor's position that Volume 1 was not discoverable, Schaye relied on Louisiana Revised Statute 44:4(6), which states that the Louisiana public records doctrine does not apply "[t]o any records, writings, accounts, letters, letter books, photographs, or copies or memoranda thereof in the custody or control of the legislative auditor, or to the actual working papers of the internal auditor of a municipality until the audit is complete, unless otherwise provided." La. R.S. 44:4(6). Further, Schaye reported that Volume 1 contained no "source" documents. Both Schaye and the Government represented to the Court that all "source" documents underlying the OLA Audit had previously been made available for review and inspection by defense counsel. Defense counsel did not dispute this position, other than to argue that Volume 1 contained documents that were subject to discovery.[1]

---

[1] After the August 3, 2006 status conference, the Government notified the Court that it had not previously subpoenaed, secured, or otherwise reviewed the documents supporting the OLA compliance audit of the Louisiana Office of Homeland Security and Emergency Preparedness. The Government has since taken the necessary steps to obtain those documents and to review them for discoverable material. The review was limited to Volume 1, as all other documents had already been reviewed and inspected by defense counsel.

During the course of the status conference, the Court reviewed the index outlining the contents of Volume 1.[2] The Court asked Brown's defense counsel to identify any item on the index that he believed was subject to his review and inspection and he identified items in sections C and E.[3] Defense counsel for Brown seemed to argue that he was entitled to review and inspect the documents/records he identified in sections C and E solely because the auditor had relied on those documents/records to make his conclusions. However, counsel for neither defendant could rebut the Government's and Schaye's verbal representations to the Court that the documents/records contained in Volume 1 were not "source" documents and had not been used by the auditor in forming the conclusions stated in the audit report. Thus, defendants could not establish that the documents/records contained in Volume 1 were "material to preparing the defense" under Federal Rule of Criminal Procedure 16(a)(1)(E)(i).

Accordingly,

**IT IS ORDERED** that the documents/records contained in Volume 1 of the OLA's audit documentation file are shielded from discovery.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 25th day of August, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE

---

[2]At the close of the status conference, counsel for Brown requested to place the index of Volume 1 in the record. The Court took the request under advisement at that time. The Court hereby grants such request, but orders that counsel for Brown file the index into record under seal.

[3]Brown's defense counsel originally identified items contained in section B, but later withdrew any discovery request pertaining to items contained in section B.